**James F. Porter, Defendant in Error, v. Joe Cohn et al., trading as Cohn, Lieberman & Stiefel, Plaintiffs in Error.**

**Gen. No. 21,222.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 24, 1916. Rehearing denied March 6, 1916.

### Statement of the Case.

Action for rent due by James F. Porter, plaintiff, against Joe Cohn, Leo Lieberman and Jerome Stiefel, trading as Cohn, Lieberman & Stiefel, defendants. From a judgment for plaintiff, defendants sue out a writ of error.

Porter was the assignee of a written lease of certain premises from one Pope to defendants, a copartnership. About three months after its execution the partnership was dissolved, and its business was sold to Cohn & Levin Cloak and Suit Company, which continued the same business in the same premises and paid the rent as it accrued to Pope until the assignment to Porter and then to the latter. The rent for the last two months of the term remained unpaid, for which judgment by confession was entered, but the case was reopened for trial before a jury. A verdict was directed and the judgment confirmed. It was urged that the judgment was contrary to the law and the evidence, the defense being that there was a surrender of the premises by the lessees and acceptance thereof by the lessor, and that the latter made a new lease on the same terms to the Cloak Company under which he and afterwards Porter collected rent as aforesaid. Negotiations for a new lease were attempted but never consummated. These facts were undis-

puted: that when the Cloak Company took over plaintiffs in error's business one Miltenberg, a broker, at the request of attorneys for plaintiffs in error, asked one Wilson, the real estate agent of Pope, over the telephone whether the lease could be assigned to Cohn & Levin or whether a new lease would be given, and received the reply "to look them up and if they were all right to bring the matter before him;" that Wilson (the only party shown by the record to have been authorized to act for Pope) never had any other talk with reference to the matter nor negotiated any new lease; that Miltenberg who was shown to have acted, not as an agent for Pope but at the request of defendants, prepared a new lease to Cohn & Levin, and left it and a duplicate unsigned with Levin requesting him for references as to his financial standing; that no references were ever furnished, but that the rent was paid by the Cloak Company, as aforesaid, in sums and at times as provided for in the original lease. While Levin testified that he sent the new leases to Miltenberg and they were subsequently returned bearing the name of Pope and that he destroyed them, yet there was no attempt to show that the signature was Pope's or ever authorized by him, or that the document ever came to Levin from an agent of Pope.

CHARLES W. STIEFEL and JOHN B. HEINEMANN, for plaintiffs in error, Leo Lieberman and Jerome Stiefel.

GEORGE W. GORDON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

LANDLORD AND TENANT, § 325*—*when verdict for plaintiff for rent properly directed.* In an action for rent which was defended on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ground that there was a surrender of the premises by lessees and a new lease to a corporation which took over the business of defendants, and that lessor made a new lease of the premises, in the absence of legal proof of such new lease or surrender of the old one, verdict for plaintiff for rent was properly directed.

## The People of the State of Illinois ex rel. Emma L. Parker, Plaintiff in Error, v. Mrs. William Bryson, Defendant in Error.

### Gen. No. 21,232.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed February 24, 1916.

### Statement of the Case.

Habeas corpus by Emma L. Parker, relator, to require respondent, Mrs. William Bryson, to produce relator's child in court to determine right of custody. From judgment remanding child to respondent, relator sues out writ of error.

While there was evidence of the mother's fitness to have the care and custody of the child, there was a stipulation only as to respondent's fitness, and recognizing as a fact the fitness of each, the trial court's order rested wholly on findings that the mother had abandoned the child on the date of its birth and that since that time it had been in the care and custody of respondent. Mrs. Parker lived in a country town in Fulton county, Illinois. She had been housekeeper for Dr. E. S. Parker of that town, the father of the child, and about July 1, 1912, had come to Chicago pursuant to arrangements made by him for her approaching